UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANCHEZ VARELA,<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR OF S.F. FIELD OFFICE FOR ICE, et al.,<br><br>Respondents. | No. 1:26-cv-06159-DC-AC (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 1, 2, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 1) filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Ramon Rodriguez Vazquez v. Drew Bostock, et al.*, No. 25-6842 at 10 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by the petition. (Doc. No. 1 at 15–16.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a

1

neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On August 5, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion and habeas petition. (Doc. No. 8.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from *Rodriguez Vazquez*, *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On August 6, 2026, Respondents filed their opposition to Petitioner's motion, and argue that "the Court should distinguish this case from those identified in its order because Petitioner was properly re-detained after violating the terms of his release." (Doc. No. 9 at 1.) Respondents direct the court to the Form I-220A issued to Petitioner on September 1, 2021, which advised Petitioner, among other things, that he "must not violate any local, State, or Federal laws or ordinances." (Doc. Nos. 9 at 1; 9-1 at 16.) Respondents argue that Petitioner "repeatedly violated state laws and was arrested and convicted multiple times." However, Respondents also assert that Petitioner's detention was pursuant to 8 U.S.C. § 1225(b)(2)(A), which governs detention of noncitizens seeking admission and does not provide a basis for the government to detain a noncitizen already released into the United States for violating the terms of their release. Further, when Petitioner came to ICE's attention on December 5, 2025, his record reflected his most recent criminal conviction (a misdemeanor) that occurred in February 2025, yet ICE did not detain Petitioner until nearly seven months later. (Doc. No. 9-1 at 2.) These facts do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper

2

remedy. *See, e.g., Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) (finding post-deprivation bond hearing, not immediate release, to be the proper remedy where the petitioner was detained immediately following her arrest). Thus, Respondents have not persuasively distinguished this case from *Rodriguez Vazquez*, *Selis Tinoco*, *Labrador-Prato*, or *D.L.C.* (*Id.*) Further, Respondents do not affirmatively oppose the court ruling directly on the Petition. (*Id.*) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 1) and petition for writ of habeas corpus (Doc. No. 1) as to Petitioner's due process claim for the reasons set forth in the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 1) are GRANTED as follows:

   a.      Petitioner Ruben Sanchez Varela (A-220-753-246) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention on June 29, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future

---

[1] Because the court is granting the petition on the due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

pre-deprivation/custody hearing;

    b.    If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

    c.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2.    Petitioner's pending motions (Doc. Nos. 2, 3) are DISMISSED as having been rendered moot by this order;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **August 10, 2026**                _____

                                            Dena Coggins
                                            United States District Judge